**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| MIKE CHOUNLAMONTRY,<br>        Plaintiff,<br><br>        v.<br><br>DOMINICK NEVEUX, et al.,<br>        Defendants. | No. 3:22-cv-577 (SRU) |

## ORDER ON MOTION TO REMAND

This action arises out of an ongoing state foreclosure proceeding. In March 2022,

Freedom Mortgage Corporation ("Freedom"), through counsel, initiated a residential foreclosure

action against Mike Chounlamontry ("Chounlamontry")[1] in Connecticut Superior Court. That

case caption bears docket number HHB-CV22-6071564-S.

A month later, while the state foreclosure action was pending, Chounlamontry,

proceeding *pro se*, commenced this action by filing a civil complaint in federal court. The named

defendants in the federal action are Freedom, as well as Freedom's counsel in the state court

proceeding, Bendett & McHugh, PC ("Bendett"), and Attorney Dominick Neveux ("Neveux")

(collectively, the "Defendants"). *See* Compl., Doc. No. 1.

Pertinent to this Order, on May 13, 2022, Chounlamontry filed what was docketed as a

"Notice of Removal" ("the Notice") in the federal action, which, liberally construed, purports to

both (1) "remove" the state case to federal court; and (2) consolidate the state case with the

instant federal case. Not. of Removal, Doc. No. 7. That filing prompted the Defendants[2] to file

---

[1] Outtama Chounlamontry is also a named defendant in the case.
[2] The motion for remand was filed on behalf of all the Defendants in the federal action. Only Freedom, however, is a named party in the state foreclosure action. Defendants Bendett and Neveux do not have any basis to request remand because they are not named parties in the state case. Therefore, I only consider this motion with respect to Freedom.

1

the instant motion to remand. *See* Mot. to Remand, Doc. No. 10. For the following reasons, the

motion to remand is **DENIED** as moot.

### I.      FREEDOM'S MOTION TO REMAND AND REQUEST FOR FEES

#### A.  Request for Remand

Freedom argues that the state foreclosure action should be remanded because it was

improperly removed. Before diving into that inquiry, a more fundamental issue must be

addressed. Implicit in Freedom's request to remand is the assumption that, by filing the Notice,

Chounlamontry *actually* removed the state foreclosure action. That assumption, however, is not

supported by the record.

##### 1.  Procedural Defects with Filing of Notice

"To remove a case, a defendant must comply with 28 U.S.C. § 1446." *BP P.L.C. v.*

*Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021). Among the requirements set

forth in Section 1446 is the requirement that a defendant shall:

> … file in the district court of the United States for the district and division within
> which such action is pending a notice of removal signed pursuant to Rule 11 of the
> Federal Rules of Civil Procedure and containing a short and plain statement of the
> grounds for removal, together with a copy of all process, pleadings, and orders
> served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

Bearing in mind that removal statutes are to be "strictly construed," the Notice cannot be

construed as a notice of removal as set forth in Section 1446(a). *Whitaker v. Am. Telecasting,*

*Inc.*, 261 F.3d 196, 201 (2d Cir. 2001). To begin, the Notice does not include any of the

necessary documentation that accompanies an original petition for removal, such as the state

civil docket sheet or the original state court complaint. In fact, no attachments were filed in

connection with the Notice. *See* Not. of Removal, Doc. No. 7. Moreover, Chounlamontry filed

the Notice in the above-captioned federal case. Removal allows a defendant to transfer a case

from a state court to the federal court; it does not allow one to consolidate a state action into a separate federal action. Chounlamontry, therefore, could not—and did not— remove the state foreclosure action by filing a notice of removal in the instant federal case.

2. *Procedural and Substantive Defects with Removal*[3]

Given Chounlamontry's *pro se* status, however, he is advised that even if the Notice was properly filed, removal of the state action would have been improper. A claim is removable only if a federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). "In 28 U.S.C. § 1331 and 28 U.S.C. § 1332, Congress granted federal courts original jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Those jurisdictional grants are referred to as "federal-question jurisdiction and diversity jurisdiction respectively." *Id.*

Beginning with federal question jurisdiction, such jurisdiction exists only when a federal question is presented on the face of the plaintiff's[4] well-pleaded complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Freedom's complaint relies exclusively on Connecticut law. That Chounlamontry desires to raise a federal defense does not cure the issue.[5] A cause of action arises under federal law for purposes of Section 1331, and affords a basis for removal, "only

---

[3] Generally speaking, the procedural defect outlined in this section is not a jurisdictional bar and therefore could be waived if not timely raised in a motion to remand. *See Shapiro v. Logistic USA Inc.*, 412 F.3d 307, 313 (2d Cir. 2005) ("[S]ection 1441(b) is a rule of procedure and does not state a jurisdictional requirement."). Assuming for argument's sake that the Notice was properly filed, the defect would not have been waived because Freedom timely raised the issue in the instant motion to remand. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

[4] Although Chounlamontry is a plaintiff in this action, Freedom is the plaintiff in the state action Chounlamontry seeks to remove. Thus, Freedom is the relevant plaintiff for purposes of this analysis.

[5] In the Notice, Chounlamontry bases removal on federal question jurisdiction. In so doing, he argues that the state court proceedings violate his civil and constitutional rights. Doc. No. 7, at 2.

when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Id.* (cleaned up). Consequently, the only independent basis for jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332(a).

Contrary to Freedom's position,[6] this Court would have diversity jurisdiction over the state action because the amount in controversy is satisfied and there is complete diversity between the parties. "[A] corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). Per public records, Freedom is incorporated and has its principal place of business in New Jersey.[7] Chounlamontry, on the other hand, appears to be a Connecticut domiciliary.[8]

Nonetheless, removal would still be improper due to the forum-defendant rule. An action cannot be removed on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Said differently, the rule precludes diversity-based removal where a defendant is a citizen of the state where the case was originally filed. Chounlamontry, being a Connecticut resident, therefore, cannot remove the state foreclosure proceeding because it was filed in Connecticut state court.

3. *Remand Request*

---

[6] Freedom argues there is no diversity jurisdiction because "the Named Defendants in [the federal action] are also residents of Connecticut." Def. Mot. for Remand, at 5. That argument is misguided because the question is not whether this Court has jurisdiction over the federal action, but rather whether this Court would have jurisdiction over the state action. Therefore, only the citizenship of the named parties in the original state action is dispositive. Freedom does however, correctly argue that the forum-defendant rule should apply, which is analyzed below.

[7] *See* Business Records Search for "Freedom Mortgage Corporation," available at https://service.ct.gov/business/s/onlinebusinesssearch (last accessed on July 26, 2022).

[8] Chounlamontry does not affirmatively declare Connecticut citizenship, but the Notice lists a Connecticut address for his home address (as well as Outtama Chounlamontry, the other named defendant in the state action).

Against that backdrop, I return to Freedom's requested relief of remand. A district court is empowered to remand a case that was improperly removed. But that step was never reached in this case because this Court never obtained jurisdiction of the state case. *See Almonte v. Target Corp.*, 462 F. Supp. 3d 360, 365 (S.D.N.Y. 2020) ("A federal court obtains jurisdiction when the notice of removal is filed with the federal court.") (collecting cases). There is little doubt that, in filing the Notice, Chounlamontry was attempting to effectuate removal. But calling it a notice of removal does not make it so. Pursuant to Section 1446(a), certain requirements had to have been met. And because those requirements were not satisfied, the state case was never removed. Consequently, there is no case for me to remand to state court. *See Cohen v. Walcott*, 2017 WL 2729091, at *5 (S.D.N.Y. June 23, 2017) ("[A] court cannot remand a case that was never removed."). Accordingly, I **DENY** as moot Freedom's motion for remand.[9]

B. Request for Fees

Additionally, Freedom moves under 28 U.S.C. § 1447(c) for an award of the fees and costs it incurred seeking remand. Section 1447(c) authorizes a district court to impose costs and actual expenses, "including attorney fees," as part of an order remanding a case to state court. Because I have concluded that removal never occurred, awarding fees would be inappropriate. *See Circle Indus. USA, Inc. v. Parke Const. Grp., Inc.*, 183 F.3d 105, 108–09 (2d Cir. 1999) ("It is quite understandable that [Section 1447] should provide counsel fees for the grant of a motion to remand an improperly removed case but not for the denial of such a motion."). Accordingly, I **DENY** Freedom's request for fees.

**II.    CONCLUSION**

---

[9] To the extent that the Defendants seek to dismiss Chounlamontry's federal complaint, a separate motion must follow.

For the foregoing reasons, Freedom's motion to remand is **DENIED** as moot. The state foreclosure action was never removed because Chounlamontry did not file a proper notice of removal. Therefore, Chounlamontry is advised that the foreclosure action is not proceeding in federal court.

So ordered.

Dated at Bridgeport, Connecticut, this 26th day of July 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge