UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MIKE CHOUNLAMONTRY,<br>    Plaintiff,<br><br>v.<br><br>DOMINICK NEVEUX, et al.,<br>    Defendants. | No. 3:22-cv-00577 (SRU) |

### ORDER ON MOTION TO DISMISS

This action stems from an ongoing state foreclosure proceeding. In March 2022, Freedom Mortgage Corporation ("FMC"), through counsel, initiated a residential foreclosure action against Mike Chounlamontry ("Chounlamontry") in Connecticut Superior Court. That case bears docket number HHB-CV22-6071564-S ("Foreclosure Case").[1]

A month later, while the state foreclosure action was pending, Chounlamontry, proceeding *pro se*, commenced this action by filing a civil complaint in federal court. The named defendants in the federal action are FMC, as well as FMC's counsel in the state court proceeding, Bendett & McHugh, PC ("B&M"), and Attorney Dominick Neveux ("Neveux") (collectively, the "Defendants"). *See* Compl., Doc. No. 1.

On August 11, 2022, the Defendants filed the instant motion to dismiss. Doc. No. 15. For the reasons that follow, the motion to dismiss, doc. no. 15, is **granted**.

---

[1] *See Freedom Mortgage Corporation v. Chounlamontry, Mike, et al.*, Docket No. HHB-CV22-6071564-S (Conn. Super. Ct. Mar. 24, 2022), STATE OF CONNECTICUT JUDICIAL BRANCH, https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHBCV226071564S (last visited Feb. 14, 2023).

## I. PROCEDURAL HISTORY

In August 2022, the Defendants filed the instant motion to dismiss. A response was due on September 1, 2022. *See* Doc. No. 15 ("Responses due by 9/1/2022"). The deadline came and went without any objection, or motion for an extension of time by Chounlamontry. Notably, Chounlamontry managed to file an unrelated motion, doc. no. 16, in this case during the same period of time, which suggests that he had access to the docket.[2]

Months after the initial deadline, on November 16, 2022, I issued an order permitting Chounlamontry an additional 30 days to file an objection. *See* Order, Doc. No. 22. In that order, I warned Chounlamontry that if he failed to file an objection by December 16, 2022, the motion would be granted as unopposed, and his case would be dismissed. *Id.* Again, no objection or request for an extension of time followed.

To date, the motion to dismiss remains unopposed. Thus, I proceed with this analysis without an objection from Chounlamontry.

## II. YOUNGER ABSTENTION

*Younger* abstention requires dismissal of this case. *Younger v. Harris*, 401 U.S. 37, 91 (1971). Under *Younger v. Harris*, federal courts must abstain from exercising their jurisdiction where federal review would disrupt state proceedings that: (1) are pending; (2) implicate

---

[2] In that motion, Chounlamontry requests that the Court strike Doc. No. 9, which is the Notice of Appearance by Attorney Knickerbocker ("Knickerbocker") on behalf of the Defendants. Doc. No. 16. Chounlamontry previously filed a similar motion. *See* Doc. No. 12. Both motions were filed on the mistaken belief that Knickerbocker's status as an employee of the defendant law firm, B&M, prohibits his ability to serve as its counsel. It is true that a corporation cannot represent itself. *See Jones v. Niagara Frontier Trans. Auth.,* 722 F.2d 20, 22 (2d Cir. 1983) ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread."); *Henderson v. Lagoudis*, 148 Conn. App. 330, 333 n.1 (2014) ("[a] nonattorney does not have authority to represent a corporation"). That said, Attorney Knickerbocker does not "represent himself" as argued by Chounlamontry, because he is not a corporation. Knickerbock is an attorney who may represent a corporation, including the one at which he is employed. Accordingly, those motions, doc. nos. 12, 16, are **denied**.

important state interests; and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Hansel v. Town Ct. for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995).

The requirements of *Younger* abstention are met here. First, the foreclosure proceeding is still pending. *See* Foreclosure Case. In fact, the state court entered an order on January 30, 2023— just two weeks ago. *Id.* Dkt. No. 110.03. Second, the proceeding concerns the disposition of real property and hence implicates important state interests. *See Clark v. Bloomberg*, 2010 WL 1438803, at *2 (E.D.N.Y. Apr. 12, 2010) (*Younger* abstention doctrine precludes federal district court from staying pending state-court foreclosure and eviction proceedings because "both concern the disposition of real property and hence implicate important state interests"). And third, Chounlamontry has not alleged any reason to doubt that the state proceeding provides Chounlamontry with an adequate forum to raise any pertinent federal claims. *See Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 78 (2d Cir. 2003) (holding that, to avoid *Younger* abstention, plaintiffs "must demonstrate that state law bars the effective consideration of their [federal] claims"). Chounlamontry's central argument is that the state court is acting without jurisdiction in violation of his constitutional rights. That same argument can—and has— been raised in state court. Although Chounlamontry was unsuccessful in challenging state court jurisdiction, the record shows that he had an opportunity to litigate those claims. *See* Foreclosure Case, Dkt. No. 110.03 (concluding that, the court has subject matter jurisdiction of the Foreclosure Case after oral argument, at which Chounlamontry had the assistance of a Lao language interpreter). Indeed, Chounlamontry may continue to litigate state court jurisdiction by going through the state court appellate process. Beyond contesting state court jurisdiction, Chounlamontry has not specified which federal claims he wishes to raise but cannot in state court.

In sum, *Younger* abstention bars this Court from exercising jurisdiction of this case.

### III.    CONCLUSION

For the foregoing reasons, the Defendants' motion for to dismiss, doc. no. 15, is **granted**. Chounlamontry's claims are dismissed without prejudice. The Clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 14th day of February 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
